**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 20-cv-22841-RNS**

PALM SPRINGS MILE ASSOCIATES, LTD., a Florida limited partnership; and PHILIPS LAKE WORTH, LLC, a Florida limited liability company,

    Plaintiffs,

vs.

T-MOBILE USA, INC., a Delaware corporation, VIDAL COMMUNICATION SERVICES, INC. a Florida corporation, WIRELESS CONNECTIONS GROUP, INC., a Florida corporation, WC STORE 19 LLC, a Florida limited liability company, WC STORE 21 LLC, a Florida limited liability company, DAVID BRAGG, individually, and ERIC DIAZ, individually,

    Defendants.
_____

Vidal Communication Services, Inc.

    Cross-Claimant

VS.

WIRELESS CONNECTIONS GROUP, INC., a Florida Corporation, and ERIC DIAZ, individually,

    Cross-Defendants.
_____/

**CROSS-CLAIMANTS', VIDAL COMMUNICTION SERVICES, INC., MOTION FOR DEFAULT JUDGMENT AGAISNT CROSS-DEFENDANTS**

Cross-Claimants, VIDAL COMMUNICATION SERVICES INC., ("Vidal"), through its undersigned counsel, hereby moves for entry of Default Judgement pursuant to Federal Rule of Civil Procedure 55(b) against Cross-Defendants, WIRELESS CONNECTIONS GROUP, INC, ("Wireless") and ERIC DIAZ ("Diaz") (herein Wireless and Eric collectively referred to as "Defendants").

## I.   **Background**

1. This is a civil action sounding in contractual indemnity as alleged in the one-count Amended Cross-Claim filed on September 11, 2020 (DE. 41).

2. On October 21, 2020, Defendants submitted a Motion to Dismiss Amended Cross-Claim (DE. 55).

3. On January 5, 2021, this Honorable Court granted in part and denied in part Defendant's Motion to Dismiss Amended Cross Claim in which this Court denied the Motion to Dismiss against Wireless and Diaz (DE. 66).

4. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(a), Defendants were obligated to file an Answer to the Amended Cross-Claim by January 19, 2021.

5. On January 27, 2021, Vidal's Counsel reached out to Defendant's Counsel to remind him that the Answer was due. Defendant's counsel requested an extension of time to February 16, 2021 to file Defendant's Answer and Vidal's Counsel agreed.

6. Despite communicating with Defendant's Counsel, agreeing to an extension to file a Responsive Pleading to the Amended Cross-Claim by February 16, 20201, Defendant's have not filed an Answer to the Amended Cross-Claim.

7. Under the Federal Rule of Civil Procedure 55(b), the court may enter a judgment by default. *Fed. R. Civ. P. 55(b)(2)*. "When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

8. The court must determine whether there is sufficient basis in the pleading for the default judgment to be entered since the Defendant is not held to admit the facts that are not well plead in

the Complaint. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). *See also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . . .").

9. On or about June 1, 2016, Cross-Claimant entered into two separate Operation and Transfer Agreements and Indemnification Agreements with the Defendants (DE. 41 at 6 and 7).

10. Pursuant to the said Operations and Transfer Agreement and Indemnification Agreements, Defendants have agreed to indemnify and hold harmless the Cross-Claimants from and against any and all claims, demands, rental payments, accrued rent, late fees, penalties, fines, liabilities, taxes, damages, costs, and expenses of whatever kind or nature know or unknown, contingent or otherwise, arising directly or indirectly, out of or in any way related to the operation of the Sprint Stores in connection with the Hialeah Lease and the Lake Worth Lease (DE. 41 at 18).

11. In this case, the Defendants have to failed to file an Answer to the Amended Complaint within the time frame provided under Federal Rule of Civil Procedure 12(a)(4)(a), and after the courtesy extension provided by the undersigned.

12. There is sufficient basis in the pleadings for entry of Default Judgement in favor of the Cross-Claimants. In *Am. Contrs. Indem. Co. v. Pierson, Inc.*, the court held that the Defendants breached and defaulted in their Indemnity Agreement for failure to indemnify the Plaintiff from any and all liability for the losses and expenses that Plaintiff incurred relating to the claims. *Am. Contractors Indem. Co. v. Pierson, Inc.*, No. 19-CIV-60247-RAR, 2019 U.S. Dist. LEXIS 142970, at *3 (S.D. Fla. Aug. 21, 2019).

13. Similarly, in this case, the Cross-Claimant and the Defendants have entered into an indemnity agreement where the Defendants are to indemnify the Cross-Claimant for any claims arising out of the Leases.

14. Moreover, just as *Am. Contrs. Indem. Co. v. Pierson, Inc,* the Defendants have failed to indemnify the Cross-Claimants on the claims brought against them by the Plaintiff, PALM SPRINGS MILE ASSOCIATES, LTD and PHILIPS LAKE WORTH, LLC.

15. As such, Defendants have breached their Agreement by failing to refuse to indemnify the Cross-Claimant and have failed to file a Response to the Amended Cross-Claim.

WHEREOF, Vidal respectfully moves under Federal Rule of Civil Procedure 55(b) for Entry of Default Judgment, against Defendants, for failure to serve any papers on the undersigned as required by law regarding Vidal's Amended Cross-Claim.

Dated this 19th day of February, 2021.

                Respectfully submitted,

                Quesada Valdes, PLLC
*Attorney for Defendant –*
*Vidal Communication Services Inc.*
1313 Ponce de Leon Blvd., Suite 200
Coral Gables, Florida 33134
Tel: (305) 446-2517
Email: jcv@qvlaw.net

By: s/   Juan C. Valdes
    Juan C. Valdes, Esq.
    Fla. Bar No: 787191

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19th, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I additionally certify that the foregoing document was sent via U.S. Mail to all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing.

By: s/   Juan C. Valdes

## SERVICE LIST

| | |
|---|---|
| Kevin C. Kaplan, Esq. (933848)<br>kkaplan@coffeyburlington.com<br>ahall@coffeyburlington.com<br>lperez@coffeyburlington.com<br>service@coffeyburlington.com<br>Coffey Burlington, P.L.<br>2601 South Bayshore Dr.,<br>Penthouse One<br>Miami, FL 33133<br>Tel: (305) 858-2900<br>Fax: (305) 858-5261<br>Attorney for Plaintiff | Adolfo E. Jimenez, Esq. (869295)<br>Rebecca M. Plasencia, Esq. (861901)<br>adolfo.jimenez@hklaw.com<br>rebecca.plasencia@hklaw.com<br>Holland & Knight LLP<br>701 Brickell Ave, Suite 3300<br>Miami, FL 33131<br>Tel: (305) 374-8500<br>Fax: (305) 789-7799<br>Attorney for Defendant,<br>T-Mobile USA, Inc. |
| Bryce Gilbert, Esq. (043981)<br>bgilbert@theconstructionlawyers.com<br>Gilbert Law Group, P.A.<br>1720 Harrison Street<br>19th Floor-Penthouse B<br>Hollywood, FL 33020<br>Tel: (954) 620-5000<br>Fax: (954) 620-5105<br>Attorney for Defendants,<br>Wireless Connections Group Inc,<br>WC Store 19, LLC, WC Store 21, LLC,<br>David Bragg, and Eric Diaz | Juan C. Valdes (787191)<br>jcv@qvlaw.net<br>xm@qvlaw.net<br>Quesada Valdes, PLLC<br>1313 Ponce De Leon Blvd., Suite 200<br>Coral Gables, FL 33134<br>Tel: 305-446-2517<br>Fax: 305-446-7521<br>Attorney for Defendant,<br>Vidal Communication Services, Inc. |